**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No.  1909016237 |
| | ) | |
| JEFFREY A. KING, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted:  June 3, 2024
Decided:  July 15, 2024

**ORDER ADOPTING COMMISSIONER'S REPORT AND
RECOMMENDATION DENYING DEFENDANT JEFFREY A. KING'S MOTION
FOR MODIFICATION OF SENTENCE**

This 15th day of July, 2024, upon consideration of Defendant's Motion for Modification of Sentence (the "Motion") filed by Jeffrey A. King; the State's Response to Defendant's Motion for Modification of Sentence; Defendant's Second Supplement to the Motion to Modify Sentence; Defendant's Third Supplement to the Motion to Modify Sentence; Defendant's Fourth Supplement to the Motion to Modify Sentence; Defendant's Memorandum Argument Filed in Support of Defendant's Motion to Modify Sentence; the State's Supplemental Briefing on Motion for Sentence Modification; the Motion for Home Confinement/Compassionate Release (the "Rule 35 Motion") filed by Mr. King on or about December 12, 2022; the Order Denying Jeffrey A. King's Motion for Home Confinement/Compassionate Release entered on January 4, 2023; the Commissioner's Report and Recommendation Denying Defendant Jeffrey A. King's Motion for Modification of Sentence (the "Report") issued by Superior Court Commissioner Martin B. O'Connor; the Appeal from Commissioner' Findings of Fact and Recommendations (the "Appeal"); and the record in this case:

1.     Mr. King plead guilty to Unlawful Intercourse Third Degree and Unlawful Sexual Penetration Third Degree.  On October 14, 2022, the Court sentenced Mr. King as follows: (i) Unlawful Intercourse Third Degree—10 years at Level V with no probation to follow; and (ii)  Unlawful Sexual Penetration Third Degree—5 years at Level V suspended for 2 years at Level III.  The Court noted aggravating factors as "need for correctional treatment" and "undue depreciation of offense."  The Court also noted a mitigating factor of "physical/mental impairment."  Prior to sentencing, the Court examined a pre-sentence report from the Investigative Services Office, reviewed the criminal file and record, and heard from the victim, counsel from the State, counsel for Mr. King and Mr. King.

2.     On December 12, 2022, Mr. King filed the Rule 35 Motion.  The Rule 35 Motion seeks modification of Mr. King's sentence.  Citing to poor health, severe medical issues, needs for medications and environment issues, Mr. King asks the Court to modify his unsuspended Level V time to:

> [a]n acceptable length of time on home confinement where [he] can receive the necessary medical attention and care that [he] requires for life while still receiving punishment for my crime and being able to show empathy and a genuine respect for the victim.

3.     The Court Denied the Rule 35 Motion on January 4, 2023.

4.     On February 22, 2023, Mr. King filed the Motion. The Motion is Mr. King's second motion seeking relief under Criminal Rule 35.  The Court referred the Motion to Commissioner O'Connor.  Commissioner O'Connor held an evidentiary hearing on September 7, 2023.  Subsequent to that hearing, Commissioner O'Connor accepted supplemental briefing on the Motion.

5. On May 23, 2024, Commissioner O'Connor issued the Report. The Report finds that the Motion is procedurally barred as: (i) repetitive and (ii) untimely. Commissioner O'Connor also found that Mr. King failed to demonstrate "extraordinary circumstances" under Criminal Rule 35(b).

6. Mr. King filed the Appeal. Mr. King contends that the Court should not adopt the report. Mr. King maintains that the Commissioner's findings are incorrect, that extraordinary circumstances exist, that the Motion is not repetitive, and that Mr. King's sentence should be modified to probation.

7. The Court has reviewed the Motion and all related papers. The Court finds that the Motion is untimely, and that "extraordinary circumstances" do not exist.

8. Criminal Rule 35(b) provides that "[t]he court *will not* consider repetitive requests for reduction of sentence."[1] Unlike the 90-day jurisdictional limit with its "extraordinary circumstances" exception, the bar to repetitive motions has no exception. Instead, this bar is absolute and flatly "prohibits repetitive requests for reduction of sentence."[2] A motion is repetitive, as used in Criminal Rule 35(b), "…when it is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments."[3] Criminal Rule 35(b) does not set out any exception to repetitive motion procedural bar.

---

[1] Super. Ct. Crim. R. 35(b)(emphasis added).

[2] *Thomas v. State*, 2002 WL 31681804, at *1 (Del. Nov. 25, 2002). *See also Jenkins v. State*, 2008 WL 2721536, at *1 (Del. July 14, 2008)(Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 2004 WL 716773, at *2 (Del. Mar. 24, 2004)("motion was repetitive, which also precluded its consideration by the Superior Court").

[3] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016); *see also Valentine v. State*, 106 A.2d 1050 (table), 2014 WL 7894374, at *2 (Del. 2014)(describing a second Criminal Rule 35(b) motion that raised a new argument as "untimely and repetitive").

9.     The Motion is Mr. King's second motion under Criminal Rule 35(b). Earlier, Mr. King filed the Rule 35 Motion seeking a sentence reduction/modification. As such, the Court finds the Motion to be procedurally barred as repetitive. As in *Gibbs v. State*,[4] the Court finds that the Motion essentially repeats claims that were previously rejected in connection with the Rule 35 Motion. Moreover, the Criminal Rule 35(b) bar on repetitive motions applies even if the subsequent motion (here, the Motion) raises new arguments.[5] Rule 35 (b) does not provide for an exception to the repetitive motion bar.[6]

10.     In addition, the Court has reviewed the Motion, the Report, the Appeal and all other papers and pleadings filed with respect to the Motion. The Court agrees with the conclusions made in the Report that the Motion should be denied.

**NOW THEREFORE**, after careful and *de novo* review of the record in this action, the Motion, all subsequent filings, and the finding and determinations stated in the Report,

**IT IS FOUND AND DETERMINED** that the Court agrees and accepts the Report's factual determinations and recommendations, including that the Report correctly employs the applicable law; and

**IT IS ORDERED** that the Report, including its recommendation, is **ADOPTED** by the Court, and

---

[4] 862 A.2d 385 (Del. 2004) (Table).
[5] *Culp*, 152 A.3d at 144.
[6] *Id*.

4

**IT IS FURTHER ORDERED** that, for the reasons set forth herein and in the

Report, Defendant's Motion for Modification of Sentence is **DENIED**.

*/s/ Eric M. Davis*
Eric M. Davis, Judge

Original to Prothonotary:
cc:    Zachary A. George, Esq.
       Erika Flaschner, Esq., DAG
       Annemarie Puit, Esq., DAG
       Investigative Services